KENNECOTT HOLDINGS
CORPORATION, et
al., Appellants,

v.

**LIBERTY MUTUAL INSURANCE
COMPANY, Respondent,**

**Employers Insurance of Wausau,
Defendant,**

**Insurance Company of North
America, Respondent,**

**Certain Underwriters at Lloyd's
of London, Respondent,**

**Aetna Casualty & Surety,
et al., Respondents,**

**The Home Insurance Company,
Respondent,**

**Landmark Insurance Company,
et al., Respondents,**

**Unigard Security Insurance
Company, Respondent.**

No. C4–96–2087.

Court of Appeals of Minnesota.

March 25, 1997.

Terrence E. Bishop, Larkin, Hoffman, Daly & Lindgren, Ltd., Bloomington, James B. Lee, Francis M. Wikstron, Hal J. Pos, Parsons, Behle & Latimer, Lynn Cardey–Yates, Kennecott Corporation, Salt Lake City, UT, for Appellants.

John F. Angell, Stich & Angell, Minneapolis, Lee H. Glickenshaus, Michael J. Gill, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., Boston, MA, for Respondent Liberty Mutual Ins. Co.

Paul G. Neimann, Moss & Barnett, Minneapolis, Michael J. Baughman, Cohn & Russell, Chicago, IL, for Respondent Insurance Company of North America.

Neal M. Glazer, Frances Buckley, D'Amato & Lynch, New York City, Charles E. Spevacek, Meagher & Geer, P.L.L.P., Minneapolis, for Respondent Lloyd's of London.

Mark D. Cahill, Choate, Hall & Stewart, Boston, MA, Ted E. Sullivan, Lind, Jensen & Sullivan, Minneapolis, for Respondent Aetna Casualty & Surety, et al.

Diana Y. Morrissey, Faegre & Benson, Minneapolis, for Respondent Home Insurance Company.

Thomas A. Pearson, Arthur, Chapman, Kettering, Smetak & Pikala, P.A., Minneapolis, Amy R. Paulus, Clausen & Miller, Chicago, IL, for Respondent Landmark Insurance Company.

Richard P. Mahoney, Mahoney, Dougherty & Mahoney, Minneapolis, James J. Duane, III, Craig Waksler, Taylor, Duane, Barton & Gilman, Boston, MA, for Respondent Unigard Security Insurance Company.

Considered and decided by HUSPENI, P.J., PARKER and SCHUMACHER, JJ.

## OPINION

PARKER, Judge.

The trial court conditionally dismissed Kennecott's action based on forum non conveniens. Kennecott argues that the trial court's conditions were an abuse of discretion

because they deprived Kennecott of any procedural benefit attained by filing suit in Minnesota district court. We affirm as modified.

## FACTS

Appellants Kennecott Holdings Corp., Kennecott Utah Copper Corp., and Kennecott Minnesota Co. (Kennecott) brought this action for declaratory judgment and breach of contract, seeking insurance coverage for costs associated with environmental cleanup and remediation of mining sites owned or leased by appellants. All appellants are incorporated under Delaware law and have their principal places of business in Utah. All respondents are national insurance companies that Kennecott claims currently provide insurance coverage or have covered it or its predecessors in interest.

The mining sites at issue are located in several states: Utah, Nevada, Colorado, New Mexico, Montana, Alaska, and Minnesota. The site responsible for the most significant damage and costs, estimated at $200,000,000, is the largest open-pit copper mine in the world, located just outside Salt Lake City, Utah. Appellant Kennecott Minnesota Co. leased an iron-ore mine near Virginia, Minnesota, from 1966 to 1977. Cleanup costs at the Minnesota site may approximate $4,000,000.

Kennecott filed this action in Minnesota state court, and respondents moved for dismissal for forum non conveniens. Simultaneously, respondent Liberty Mutual commenced a declaratory judgment action, based on the same claims and the same policies, in Utah state court. The Minnesota district court granted respondents' motion and dismissed this action with the following condition:

[T]hat defendants agree to waive defenses based on personal jurisdiction, process, and statutes of limitation which did not exist as of November 17, 1995 [the date the complaint was filed in Minnesota]. The position of the parties shall be the same as if this matter were filed in Utah on November 17, 1995.

## ISSUE

Was the district court's conditional dismissal consistent with the doctrine of forum non conveniens?

## ANALYSIS

The doctrine of forum non conveniens allows a court that has jurisdiction to dismiss an action

when it fairly appears that it would be more equitable to have the case tried in another available court of competent jurisdiction.

*Hague v. Allstate Ins. Co.*, 289 N.W.2d 43, 45 (Minn.1978), *aff'd*, 449 U.S. 302, 101 S.Ct. 633, 66 L.Ed.2d 521 (1981). Minnesota forum non conveniens law follows federal law. *Bergquist v. Medtronic, Inc.*, 379 N.W.2d 508, 511 (Minn.1986). To overcome the presumption in favor of a plaintiff's choice of forum, the balance of certain private and public interests must weigh against the plaintiff's choice. *Id.* at 511. Here, the district court considered the relevant interests and found that they weighed against Kennecott's choice of Minnesota and in favor of respondents' choice of Utah. Kennecott does not challenge the district court's factual determinations. Instead, its challenge is limited to the conditions of the district court's dismissal.

Kennecott relies on the conditions applied by the supreme court in *Bergquist*. There, a Swedish citizen brought a wrongful death action arising from products liability against a Minnesota manufacturer. *Id.* at 510. The trial court dismissed for forum non conveniens, ruling that the plaintiff had an adequate, alternative forum in a Swedish court. *Id.* The public and private factors weighed equally. *Id.* at 513. The supreme court reaffirmed that Minnesota forum non conveniens law is patterned after federal law and specifically held that less deference is given to a foreign plaintiff's choice of forum, adopting the standard from *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). *Bergquist*, 379 N.W.2d at 512–13. Recognizing the discretion of the trial court, the supreme court affirmed but conditioned the dismissal on the following: (1) that plaintiff actually have a cause of

action that could be brought in Sweden; (2) that defendant waive any objections to jurisdiction and waive any statute of limitations that may be imposed by bringing the lawsuit in Sweden; and (3) that no other procedural impediments existed to full litigation under the substantive law of Sweden. *Id.*

In this case, the trial court correctly chose to condition the dismissal. However, the condition failed to achieve the policy underlying the supreme court's *Bergquist* decision. The parties focus on the *Bergquist* requirement that *any* statute of limitation be waived. Respondents argue that applying that language to this case has the potential of actually improving Kennecott's position in this litigation. All parties concede that limitations defenses will be raised no matter where this case is heard, and it is not clear what statute(s) of limitations will apply. Considering this type of litigation, a condition requiring respondents to waive *any* statute of limitation defenses would likely improve Kennecott's position in the alternate forum over what it would have been in the chosen forum. Apparently in response to this concern the trial court required:

> [U]nder these circumstances, plaintiff should not be allowed to enhance its rights in Utah by filing a lawsuit in Minnesota. Therefore, the moving defendants must agree to waive only those procedural defenses that may have arisen since Kennecott commenced this action in Minnesota.

*Bergquist* requires that a conditional dismissal remove procedural impediments to litigation in the alternative forum. *Bergquist,* 379 N.W.2d at 513. Kennecott conceded during oral argument in this court that it did not seek a waiver of all statute of limitations defenses, but only those that could be imposed in a Utah court. With this clarification, the trial court's condition is an abuse of discretion. It deprived Kennecott of whatever benefit it attained by filing in Minnesota, a state which had jurisdiction. When jurisdiction is proper, dismissal for the court's convenience should not deprive a plaintiff of its procedural position. *See id.* at 513–14 (if alternative forum posed procedural impediments, plaintiff would be free to recommence action in Minnesota). This is even

more true where, unlike the foreign plaintiff in *Bergquist,* this nonforeign plaintiff's choice of forum is entitled to considerable deference. The parties should be in the same position in the alternative forum as they were in the original forum.

## DECISION

We affirm the trial court's dismissal, but modify the conditions imposed to read as follows: That defendants agree to waive defenses based on personal jurisdiction, process, and statutes of limitation which did not exist in Minnesota as of November 17, 1995. The position of the parties shall be the same as if this matter had remained in Minnesota.

**Affirmed as modified.**